UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VDF FUTURECEUTICALS, INC., *Plaintiff* § § § | |
| v. § § | CIVIL NO. 1-20-CV-855-LY |
| FREED FOODS, INC. d/b/a NURTURME, NM RESIDUAL, INC., and NURTURME, INC., *Defendants* § § § § § | |

### ORDER AND NOTICE TO PARTIES

Before the Court are Defendant NM Residual, Inc.'s Motion to Dismiss, filed October 22, 2020 (Dkt. 19); Defendant NurturMe, Inc.'s Motion to Dismiss First Amended Complaint and Brief in Support, also filed October 22, 2020 (Dkt. 20); and the associated response and reply briefs. The District Court referred the motion and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Plaintiff VDF FutureCeuticals, Inc. alleges that it had a longstanding agreement with Freed Foods, Inc. ("Freed Foods") in which Plaintiff agreed to sell certain food and nutritional products to Freed Foods in exchange for purchase orders. In 2017, Freed Foods experienced "financial hardship" and failed to pay Plaintiff for a large purchase order. Dkt. 3 ¶ 26. Plaintiff alleges that Freed Foods owes it $243,505.50 in unpaid purchase orders.

Plaintiff alleges that instead of paying Plaintiff, Freed Foods and its purported owner, Advantage Capital Agribusiness Partners, L.P. ("ACAP"), transferred all of Freed Foods' assets

to NM Residual, Inc. ("NM") in exchange for NM's cancellation of a $657,000 pre-existing debt owed by Freed Foods to NM. Plaintiff alleges that NM then sold those same assets to NurturMe, Inc. ("NuturMe") in exchange for a majority of NuturMe's outstanding common stock. Plaintiff contends that ACAP owned and controlled both Freed Foods and NM at the time of the transfer and that these transactions were fraudulent conveyances of Freed Foods' assets, in violation of Texas law. Plaintiff alleges that Freed Foods, ACAP, NM, and NuturMe engaged in the fraudulent transactions "for the express purpose of continuing Free Foods' business without interruption, avoiding its obligations to FutureCeuticals and keeping the substantial value and equity in Freed Foods that should have gone to pay Freed Food's creditors, like FutureCeuticals." *Id.* ¶ 7.

On August 14, 2020, Plaintiff filed this suit against Freed Foods, NM, and NurturMe (collectively, "Defendants") alleging: (1) breach of contract against Freed Foods; (2) four claims of fraudulent transfer under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Com. Code §§ 24.005(a)(1), (a)(2), 24.006(a)-(b); (3) a claim for exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.009; and (4) a claim for attorneys' fees and costs under TUFTA and Tex. Civ. Prac. & Rem. Code § 38.001(8).

Defendants NM and NurturMe both move to dismiss Plaintiffs' Amended Complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In NM's Motion to Dismiss, NM contends that Plaintiff "is an unhappy unsecured creditor of Freed Foods," and that other lenders of Freed Foods had a security interest in substantially all of Freed Food's property. Dkt. 19 at 6. NM argues that when Freed Foods defaulted on loan payments to its secured lenders, "the secured lenders exercised their legal and contractual rights and held a properly noticed Article 9 Uniform Commercial Code ('UCC') public foreclosure sale in August 2019 of the collateral for the loan (the 'UCC Sale')." *Id.* NM contends

that at the UCC Sale, the secured lenders purchased all collateral and transferred and assigned it to NM, and that after the UCC Sale, NM sold the collateral to NurturMe, which began operating the former business of Freed Foods. NM argues that Plaintiff "cannot use a fraudulent transfer claim to overcome a valid security interest that Freed Foods's secured lenders properly foreclosed under UCC Article 9." *Id.* Thus, NM argues, all of Plaintiff's claim under TUFTA fail. In support of its Motion to Dismiss, NM relies on several documents related to the secured debt and foreclosure sale. *See* Exhibits A-H to Dkt. 19. Defendant NuturMe also relies on these exhibits in its Motion to Dismiss. *See* Dkt. 20 at 11-12.

"If, on a motion under Rule 12(b) (6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "[W]hen a district court converts a Rule 12(b)(6) motion into a motion for summary judgment, the court must comply strictly with Rule 56's notice requirements." *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 667 (5th Cir. 2019). The Fifth Circuit has held that parties must have ten days to submit additional evidence once they are put on "fair notice" that a court will treat a Rule 12(b)(6) motion as one for summary judgment. *Id.*

Because Defendants have presented matters outside the pleadings that have not been excluded, the motions to dismiss are converted to motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Accordingly, **IT IS ORDERED** that the parties may file any additional material in support of, or in opposition to, the motions for summary judgment on or before **April 15, 2021**.

**SIGNED** on April 1, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE